Dale M. Cendali
Claudia Ray
Shanti Sadtler Conway
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
dale.cendali@kirkland.com
claudia.ray@kirkland.com
shanti.conway@kirkland.com

Megan L. McKeown
KIRKLAND & ELLIS LLP
609 Main Street
Houston, TX 77002
Telephone: (713) 836-3600
Facsimile: (713) 836-3601
megan.mckeown@kirkland.com

*Attorneys for Plaintiff Delta Air Lines, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DELTA AIR LINES, INC., <br><br> Plaintiff, <br><br> - against - <br><br> THE LIGHTSTONE GROUP, LLC, <br><br> Defendant. | Case No. _____-mc-_____ <br><br> ECF Case <br><br> **DELTA AIR LINES, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL THE LIGHTSTONE GROUP, LLC'S COMPLIANCE WITH RULE 45 DOCUMENT SUBPOENA** |

On February 12, 2021, Plaintiff Delta Air Lines, Inc. ("Delta") served a Rule 45 document subpoena (hereinafter "Document Subpoena," attached as Ex. A) on The Lightstone Group, LLC ("Lightstone") via its registered agent. The deadline for Lightstone to respond to the Document Subpoena was February 26, 2021. On March 4, 2021, after Delta agreed to an

extension of time for Lightstone to respond, Lightstone served a set of blanket objections and responses, refusing to produce a single document in response to the Document Subpoena.  Ex. B.  Despite efforts by Delta to meet and confer with Lightstone to resolve its objections and to narrow its requests of Lightstone, Lightstone has refused to conduct a search for responsive materials, much less agree to produce such responsive materials.  With the March 31, 2021, close of discovery rapidly approaching, Delta has been left with no choice but to file this Motion to Compel third-Party discovery from Lightstone.  Delta respectfully requests this Court issue an order overruling Lightstone's objections and compelling the production of documents requested by Delta.

## BACKGROUND

This is a trademark infringement case regarding Marriott International, Inc.'s ("Marriott") use of "DELTA" in connection with hotels in the United States.  Delta claims Marriott acquired a brand that only had hotels in Canada, intending to launch a U.S. chain to take advantage of Delta's famous DELTA marks and confuse consumers.  Marriott even changed the logo to closely mimic Delta's branding, and opened airport hotels with branded airport shuttles.  Marriott has argued that there is no likelihood of confusion because hotels and airlines are different services.  Marriott's own trademark enforcement efforts directly contradict that position, however.  In particular, published reports show that Marriott "threatened" third-party Breeze Aviation Group ("Breeze") after news leaked that Breeze was considering naming its new airline "Moxy," which is the same name that Marriott uses for its Moxy Hotel chain.  *See* Ex. E (quoting Breeze's founder David Neeleman as saying "Marriott had put up a chain of hotels with that same name, and they threatened us.  'Don't do that,' they said.").

Delta issued the Document Subpoena to Lightstone because documents Marriott

produced in discovery have shown that executives at Lightstone, which has partnered with Marriott to launch the "Moxy" chain of hotels, ▮

▮

▮

▮

▮

▮ *See* Ex. C.  Indeed, ▮

▮

▮ . Accordingly, the Document Subpoena includes targeted requests to Lightstone for documents and communications that further elucidate the company's and Marriott's reactions to the proposed "Moxy" airline, including (1) ▮

▮ and (2) Marriott's efforts to prevent Breeze from using "Moxy" on the grounds that such use would conflict with Marriott's trademark rights in "Moxy" for hotels—in direct conflict with the position Marriott has taken in the litigation with Delta.

Notwithstanding the highly relevant nature of the documents Delta seeks and Delta's offer to narrow the requests in the Document Subpoena, asking that Lightstone search the files of four specific individuals for documents created during a defined time period relating to the actual or potential use of "Moxy" in connection with an airline, at every turn, Lightstone has resisted its obligation even to search for, let alone produce, responsive materials.

*First*, Lightstone requested a two-week extension of time to respond to the Document Subpoena just two days before its response deadline.  Delta agreed to the extension in hopes that

3

Lightstone would use the additional time to search for responsive materials. Instead, Lightstone took the additional time (with less than a month remaining in the fact discovery period) to do nothing more than serve blanket objections to every single document request. Lightstone still has not conducted a search for responsive materials in the more than five weeks since Delta served the Document Subpoena on February 12, 2021.

*Second*, Lightstone contends in response to every single document request that it "has no responsive, relevant documents it would not have already provided to Marriott in the normal course of business." *See* Ex. B. Of course, this objection is wholly deficient, as the fact that Marriott may have certain documents covered by the Document Subpoena does not obviate Lightstone's own obligations under Rule 45 to search for and produce relevant materials. Fed. R. Civ. P. 45(a)(1)(D) ("A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding party to permit inspection, copying, testing, or sampling of the materials."). The objection is also improper since several of the requests seek Lightstone's internal documents and communications, or other documents and communications Lightstone may have exchanged with other relevant third parties—not Marriott. *See* Ex. A, Request Nos. 1, 2, 3, 4, 5, 8, 9, 10, 11, 12, 16, 17, 13 [sic], 14 [sic] (requesting documents and communications internal to Lightstone or otherwise between parties besides Marriott). Thus, Delta's requests of Lightstone are not duplicative of discovery sought from Marriott.

*Third*, Lightstone has effectively stonewalled Delta's efforts to meet and confer to resolve Lightstone's objections and reach a mutually agreeable resolution to the Document Subpoena. After Lightstone served its responses and objections, counsel for Delta contacted Lightstone to schedule a meet and confer, citing Lightstone's blanket objections and the

4

impending fact discovery deadline. On March 15, 2021, more than a motion after Delta served the subpoena, counsel for Delta and Lightstone conferred via telephone and Lightstone indicated a willingness to consider a compromise proposal from Delta that narrowed Delta's document requests. Counsel for Delta submitted a highly-targeted proposal to Lightstone which requested that Lightstone search the files and emails of just four current or former Lightstone employees (Mitchell Hochberg, Rachel Winter, Leslie Peebles, and Lauren E. Levin) for documents and communications referring or relating to the use or potential use of "Moxy" as the name of, or otherwise in connection with, an airline. *See* Ex. D. Counsel for Delta also noted that the relevant communications likely began in June of 2018 and may have continued into the first half of 2019. *Id.* Despite Delta's crafting an extremely targeted proposal to Lightstone—one that asked Lightstone to search for files related to one specific issue, from just four individuals across a time period of less than one year—Lightstone again refused to comply and represented that it "will not search for nor produce such documents." *See id.*

The documents sought in Delta's Document Subpoena, and particularly the documents sought in Delta's narrowed proposal to Lightstone, are highly relevant to Delta's claims in this action and do not impose undue burden on Lightstone. As the close of discovery is fast-approaching on March 31, 2021, Delta has no choice but to seek relief from this Court to order Lightstone to comply with the duly issued Document Subpoena.

## **LEGAL STANDARD**

Rule 26(b)(1) provides that discovery encompasses that which "is relevant to any party's claim or defense and proportional to the needs of the case," and documents and information "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Relevancy is broadly construed for discovery purposes and is not limited to the precise issues set out in the

pleadings or the merits of the case.  *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) ("The key phrase in this definition—'relevant to the subject matter involved in the pending action'—has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.").  "Information is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." *N. Shore-Long Island Jewish Health Sys., Inc. v. MultiPlan, Inc.*, 325 F.R.D. 36, 47 (E.D.N.Y. 2018).  Like discovery requests served on parties, the relevance standards set out in Rule 26(b)(1) apply to discovery sought from non-parties, including discovery sought through subpoenas issued to non-parties under Rule 45.  *See Omnicare, Inc. v. Strategic Delivery Sols., LLC*, No. 20-mc-734 (PKC), 2021 U.S. Dist. LEXIS 18820, at *4 (S.D.N.Y. Feb. 1, 2021) ("This Court need only decide if Omnicare's subpoena seeks relevant information and is not overbroad or burdensome in violation of Rule 26, Fed. R. Civ. P.") (granting motion to compel compliance with Rule 45 subpoena).

Once the party seeking discovery meets the relevance threshold under Rule 26, the burden then shifts to the responding party who must face the hurdle of demonstrating an undue burden to "justify curtailing discovery." *Fireman's Fund Ins. Co. v. Great Am. Ins. Co. of New York*, 284 F.R.D. 132, 135 (S.D.N.Y. 2012).  "Whether a subpoena imposes . . . an 'undue burden' depends upon 'such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.'" *Bridgeport Music, Inc. v. UMG Recordings, Inc.*, No. 05 Civ. 6430, 2007 U.S. Dist. LEXIS 91957, at *5 (S.D.N.Y. Dec. 17, 2007) (quoting *United States v. IBM Corp.*, 83 F.R.D. 97, 104 (S.D.N.Y. 1979)).  As with the administration of

discovery issues generally, motions to compel are "entrusted to the sound discretion of the district court." *In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003) (citing *United States v. Sanders*, 211 F.3d 711, 720 (2d Cir. 2000)).

## ARGUMENT

**I.    The Document Subpoena seeks highly relevant documents, and Lightstone should be required to comply with the requests.**

Delta served the Document Subpoena on Lightstone's registered agent more than one month ago, on February 12. And yet, Delta has yet to receive one document from Lightstone. To Delta's knowledge, Lightstone has not even inquired internally about the existence of relevant documents and communications, much less conducted a reasonable, diligent search to identify and collect responsive documents.

The materials sought are highly relevant to Delta's case, as they would show that ███████████████████████████████████████████████████████ ██████████████████████████████████—exactly the opposite of the position that Marriott has taken in the litigation with Delta. Delta has a reasonable basis to believe that Lightstone's responsive documents will provide evidence to support Delta's argument that consumers are likely to be confused where the same name is used for an airline and a hotel, and will demonstrate that Marriott itself has not only recognized that such confusion is likely, including during discussion with Lightstone, but has taken affirmative steps to prevent it by enforcing its trademark rights in its Moxy Hotels chain to prevent an airline from using the same name.

The documents Delta seeks from Lightstone evidence facts "of consequence in determining the action," and are properly the subject of third-party discovery. *N. Shore-Long Island Jewish Health Sys.*, 325 F.R.D. at 47.

7

## II. The Document Subpoena does not impose undue burden on Lightstone.

Further, the scope of the Document Subpoena is not overbroad.  In a good faith effort to lessen any potential burden on Lightstone, Delta offered a compromise proposal, substantially narrowing the scope of the documents requested.  Again, Delta asked Lightstone to search the files of just four employees across a time period of less than one year for documents related to one discrete issue—the proposed "Moxy" airline. ████████████████████████ ██████████████████████████████████████████████████ ████████████████████████████████████.  Accordingly, the Document Subpoena is not based on mere speculation that Lightstone has these relevant materials.  It does. Yet Lightstone has been unwilling even to conduct a search for these materials, despite the fact that Lightstone has articulated no burden to producing the requested documents beyond the blanket objections it included in its response to the subpoena.  *See* Ex. B.  "This Court need only decide if [Delta's] subpoena seeks relevant information and is not overbroad or burdensome in violation of Rule 26, Fed. R. Civ. P." *Omnicare*, 2021 U.S. Dist. LEXIS 18820, at *4.  Delta has plainly met this bar.

Given the March 31, 2021 close of fact discovery, Delta does not believe it can secure Lightstone's compliance with the Document Subpoena before the close of discovery without Court intervention.  This is why Delta now moves this Court to overrule Lightstone's objections and to compel Lightstone to search for and produce documents responsive to the Document Subpoena, including at the very least documents covered by Delta's compromise proposal requesting that Lightstone search the files of just four individuals for documents relating to the proposed "Moxy" airline.

## CONCLUSION

The documents Delta seeks in the Document Subpoena are relevant to its trademark claims against Marriott regarding Marriott's "Delta Hotels" chain and are properly the subject of third-party discovery. For the foregoing reasons, Delta respectfully requests that this Court grant Delta's Motion to Compel the Document Production and Order Lightstone to comply with the Document Subpoena.

Dated: March 25, 2021

                                                         Dale M. Cendali
Claudia Ray
Shanti Sadtler Conway
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
dale.cendali@kirkland.com
claudia.ray@kirkland.com
shanti.conway@kirkland.com

Megan L. McKeown
KIRKLAND & ELLIS LLP
609 Main Street
Houston, TX 77002
Telephone: (713) 836-3600
Facsimile: (713) 836-3601
megan.mckeown@kirkland.com

*Attorneys for Plaintiff Delta Air Lines, Inc.*