**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
DELTA AIR LINES, INC.,                       :
                                             :
                    Plaintiff,               :     21-MC-374 (RA) (OTW)
                                             :
        -against-                            :     ORDER
                                             :
THE LIGHTSTONE GROUP, LLC,                   :
                                             :
                    Defendant.               :
                                             :
                                             :
------------------------------------------------------------x
```

**ONA T. WANG**, **United States Magistrate Judge**:

### I. Introduction

The matter is before the Court on motion to compel, filed by Plaintiff Delta Air Lines, Inc. ("Delta Air Lines"), to order compliance with a Rule 45 subpoena *duces tecum* directed at Defendant The Lightstone Group, LLC ("Lightstone"). For the reasons stated below, the motion is **GRANTED**.

### II. Background

#### A. The Georgia Action

In the United States District Court for the Northern District of Georgia, Delta Air Lines brought trademark infringement claims against Marriott International, Inc ("Marriott") (the "Georgia Action"). *See Delta Air Lines v. Marriott*, No. 20-CV-1125 (N.D. Ga.). Delta Air Lines alleges that Marriott infringes upon Delta Air Lines's "DELTA" mark, by planning to launch a "DELTA HOTELS BY MARRIOTT" line of hotels in the United States. Marriott asserts that the DELTA hotels are not likely to cause confusion with Delta Air Lines because airlines and hotels

are separate services, and, thus, there is neither infringement nor dilution of Delta Air Lines's mark.

Delta Air Lines asserts that, however, Marriott's position is contrary to prior positions Marriott has taken with regard to its "Moxy Hotel" chain, for which it partnered with Lightstone, a real estate investment management firm. Around mid-2018, Marriott legally "threatened" Breeze Aviation Group, an airline, after Marriott learned from Lightstone that Breeze planned to name its new airline, "Moxy," the same name as the Marriott-owned hotel chain. Marriott asserted that the Moxy airline would cause confusion with its hotels, notwithstanding its current position that the "Delta" airlines and hotels would not be confused with one another.

In the Georgia Action, Delta Air Lines has received discovery from Marriott and has subpoenaed and received documents from Breeze. Delta Air Lines has also subpoenaed documents from Marriott's outside trademark counsel, Kilpatrick Townsend & Stockton LLP. The Kilpatrick subpoena is subject to a pending motion to quash by Marriott in the Northern District of Georgia.

**B. The Subpoena**

On February 11, 2021, Delta Air Lines issued a Rule 45 subpoena *duces tecum* to Defendant (the "Subpoena"). On March 4, 2021, Defendant served responses and objections to the Subpoena, refusing to produce documents.

The Subpoena seeks documents from Lightstone regarding its and Marriott's reactions to the proposed Moxy airline. Delta Air Lines believes that Lightstone has relevant documents because, *inter alia*, Lightstone's president, Mitchell Hochberg, contacted Marriott regarding the

Moxy airline and Lightstone expressed concern about potential confusion with the Moxy Hotels. Lightstone purportedly engaged in substantive discussions internally and with Marriott regarding the Moxy airline. The Subpoena seeks documents that shed further light on: (1) Lightstone's and Marriott's belief that the use of "Moxy" as the brand for an airline and hotel would be confusing; and (2) Marriott's efforts to prevent Breeze form using "Moxy" on the grounds that it would infringe upon Marriott's "Moxy" trademark.

After meeting and conferring with Lightstone, Delta Air Lines offered to narrow the Subpoena's requests to four custodians during a one-year period, from June 2018 to the first half of 2019, for documents relating to the actual or potential use of "Moxy" in connection with an airline. (ECF 5, Ex. D). The custodians are four current or former Lightstone employees: Hochberg, Rachel Winter, Leslie Peebles, and Lauren E. Levin. Lightstone continues to maintain that it will not search for nor produce documents. Lightstone argues in conclusory fashion that production would be an undue burden and that it has no relevant documents in its possession. Lightstone further argues that if the Court orders production that there should be cost-shifting under Rule 45(d).

III. Analysis

   A. Legal Standard

Motions to compel compliance with Rule 45 subpoenas are governed by the relevancy and proportionality guidelines of Rule 26. *See Ambac Assurance Corp. v. U.S. Bank Nat'l Ass'n*, No. 17-CV-2614 (WHP) (KHP), 2020 WL 526404, at *2 (S.D.N.Y. Feb. 3, 2020). Under Rule 26(b)(1), discoverable information is any non-privileged information that is "relevant to any party's claim or defense and proportional to the needs of the case." Relevancy "is an extremely

broad concept" and needs only be "reasonably calculated to lead to the discovery of admissible evidence." *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 184, 186 (S.D.N.Y. 2014) (quoting *Condit v. Dunne*, 225 F.R.D. 100, 105 (S.D.N.Y. 2004)). There is a "'relatively low threshold' for a party to show that the material sought is relevant to any claim or defense in the litigation." *Id.* (quoting *In re Zyprexa Injunction*, 474 F. Supp. 2d 385, 421 (E.D.N.Y. 2007)).

A court can, however, limit "the frequency or extent of discovery" if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1).

The party opposing discovery has the burden of demonstrating an undue burden to "justify curtailing discovery." *Fireman's Fund Ins. Co. v. Great Am. Ins. Co. of New York*, 284 F.R.D. 132, 135 (S.D.N.Y. 2012).

Rule 45(d) provides, in relevant party, that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing *undue* burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1) (emphasis added). Cost shifting may be appropriate in the context of Rule 45 subpoenas, since the rule "directs courts to minimize the burden on non-parties." *US Bank Nat'l Ass'n v. PHL Variable Ins. Co.*, No. 12-CV-6811 (CM) (JCF), 2012 WL 5395249, at *4 (S.D.N.Y. Nov. 5, 2012).

**B. Application**

*1. Relevance*

The requested documents meet the low threshold of relevance. *See John Wiley & Sons, Inc.*, 298 F.R.D. at 186. Documents concerning Lightstone's and Marriott's reactions regarding possible confusion between airline and hotel marks are relevant to a trademark dispute regarding the "Delta" airline and hotel marks. *See, e.g.*, *PlayNation Play Sys. Inc. v. Velex Corp.*, 924 F.3d 1159, 1168 (11th Cir. 2019) (analyzing "similarity of products" as part of likelihood of confusion analysis). Because Lightstone was Marriott's partner in the Moxy hotel chains and communicated externally and, likely, internally regarding the proposed Moxy airline and possible ensuing confusion with the hotel chain, Lightstone is likely to have discoverable information. *See* ECF 5, Ex. C (email communication between Lightstone, Marriott, and third parties regarding Moxy Airlines). This information could be in communications between Marriott and Lightstone, but also in communications between Lightstone and third-parties and internal Lightstone communications, documents not likely to already have been produced.[1]

*2. Burden*

Lightstone argues that the Subpoena imposes an undue burden on it, without specifying the nature or size of the burden other than stating that it is a third-party to the litigation between Delta Air Lines and Marriott. Rule 45, however, expressly provides that third-parties may have to produce documents. Given that Delta Air Lines has already narrowed its requests

---

[1] Lightstone argues that the Subpoena seeks duplicative documents. The mere possibility that Kilpatrick and/or Marriott may also produce some of the same documents (but not all) in the Georgia Action is theoretical because Delta Air Lines has received limited to no discovery from those parties. *See* ECF 29 at 6. Further, the Court finds that these documents are not duplicative because some of the responsive documents will be internal documents only in Lightstone's possession.

5

to a single request over a one-year span over four custodians, the burden on Lightstone is small. Accordingly, Lightstone has failed to show that requiring compliance with the Subpoena would impose an undue burden. *See Fireman's Fund Ins. Co.*, 284 F.R.D. at 135.

   3. Cost Shifting

Because Lightstone has failed to demonstrate that there is an undue burden (or, indeed, specified any burden) involved in complying with the subpoena, the request for cost-shifting is denied at this time. *See* Fed. R. Civ. P. 45(d)(1); *Koopmann v. Robert Bosch, LLC*, No. 18-CV-4065 (JMF), 2018 WL 9917679, at *1 (S.D.N.Y. May 25, 2018) ("Courts have deemed that Rule to make cost shifting mandatory in all instances in which a non-party incurs *significant* expense from compliance with a subpoena." (emphasis added)). Further, given the limited scope of the proposed search, the Court doubts that there is any undue burden associated with the search and production that would merit cost-shifting.

IV. Conclusion

For the foregoing reasons, the Motion to Compel is **GRANTED**. Lightstone is directed to produce all non-privileged, responsive documents to Delta Air Lines, consistent with the proposal in ECF 5, Ex. D, within 14 days of this Order.

   **SO ORDERED.**

Dated: May 24, 2021  
  New York, New York

_s/ Ona T. Wang_  
**Ona T. Wang**  
United States Magistrate Judge