**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

DELTA AIR LINES, INC.,                :

                            :

          Plaintiff,          :          21-MC-374 (RA) (OTW)

                            :

        -against-        :        **ORDER**

                            :

THE LIGHTSTONE GROUP, LLC,    :

                            :

          Defendant.        :

                            :

                            :

-------------------------------------------------------------x

        **ONA T. WANG**, **United States Magistrate Judge**:

        The Court has reviewed the submissions, including those by non-parties Marriott

International, Inc. and Marriott Worldwide Corp. (together, "Marriott"), in response to the

Court's May 28, 2021 order why the Court should keep certain documents in this case under

seal. (ECF 40-43). The underlying documents at issue are 2018 emails (ECF 5, Ex. C), produced

by Marriott, marked Attorney's Eyes Only ("AEO"), and papers that quote and cite the 2018

emails. The parties and Marriott represent that the AEO category corresponds to the "Highly

Confidential" under the governing  protective order (ECF 41-2, the "Protective Order") in the

Georgia Action.[1]

        The Protective Order allows parties to designate "Highly Confidential" materials "that

contains or reflects information that is confidential and/or sensitive in nature, the disclosure of

which the producing Party reasonably believes is likely to cause significant harm or injury to the

producing Party or provide improper competitive advantage to others." (ECF 41-2 at 4-5). The

---

[1] All terms not defined here have the same meaning as in ECF 37.

parties agreed that the following categories of documents could be presumed to be "Highly

Confidential:" "trade secrets; commercially sensitive pricing information, financial data,

advertising expenditures, and/or sales information; sales or marketing forecasts or plans,

business plans; sales or marketing strategy; product development information; employee

information, and other nonpublic information of similar competitive and business sensitivity."

(ECF 41-2 at 5).

Courts have found that "purportedly competitive information" that was four-years old

and concerned policies that "have long since been discontinued" or already implemented was

not entitled to sealing. *Alcon Vision, LLC v. Lens.com*, No. 18-CV-0407 (NG), 2020 WL 3791865,

at *6 (E.D.N.Y. July 7, 2020); *see also In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 256 (S.D.N.Y.

2009) (party failed to proffer "specific facts showing that disclosure of the specific fees that it

charged to Parmalat for this series of transactions would tend to be damaging now, seven to

fourteen years after the fact"). Accordingly, the parties are hereby directed to appear for a

conference to discuss the pending motion on **July 21, 2021 at 12:00 pm in Courtroom 20D, 500**

**Pearl Street, New York, New York**. The parties are directed to consult Section III.e. of the

Court's Individual Practices as well as the entry protocols of the Southern District of New York.

Delta Air Lines is directed to serve a copy of this order on Marriott and file proof of

service.

**SO ORDERED.**

_s/ Ona T. Wang_

Dated: June 29, 2021                                  **Ona T. Wang**

New York, New York                            United States Magistrate Judge